IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　Plaintiff,<br>　　v.<br>RODNEY LEWIS STEVENSON,<br>　　　　Defendant. | Case No. 21-cr-00018-CRB-1<br><br>**ORDER ASSESSING COSTS** |

Retained Counsel Jeremy Ross and Ryan D'Ambrosio represented Defendant Rodney Lewis Stevenson for Stevenson's criminal trial in August 2023. A jury found Stevenson guilty on all counts. See Verdict Form (dkt. 152). Thereafter, the Court appointed Robert Waggener as advisory counsel to Stevenson to "discuss the appointment of substitute counsel to brief a motion for a new trial based upon ineffective assistance of the [Retained Counsel]." See Order Appointing Adv. Counsel (dkt. 151).

Stevenson decided that he wanted to have new counsel replace the Retained Counsel. See Status Report (dkt. 166). So, at a hearing on December 15, 2023, the Court appointed Robert Waggener as substitute trial counsel for Stevenson, pursuant to the Criminal Justice Act. See Minute Order (dkt. 171).[1] At that hearing, the Court also ordered the Retained Counsel to transfer materials related to their representation of Stevenson to Mr. Waggener.

After significant delay—including an additional hearing, see dkt. 174, and a further order from the Court directing document production, see dkt. 175—Retained Counsel

---

[1] The Court subsequently issued an order memorializing that appointment. See Order Appointing Counsel (dkt. 172).

finally complied and turned over the materials to Mr. Waggener. See Certificates of Compliance (dkts. 176, 177). However, the Court was later informed that when Retained Counsel produced those materials, they did so in a way that required Waggener and his staff to expend substantial time and resources to make the files readable.

Courts have the inherent power to impose sanctions for "conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991). An assessment of fees is "undoubtedly within" that inherent power when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." Id. at 45–46 (citation omitted). The Court finds that an assessment of fees against Retained Counsel is warranted here given Retained Counsel's (1) significant delay in turning over the complete set of materials related to their representation of Stevenson and (2) further delay and disruption caused by their giving the materials to Waggener in an unreadable format.

Therefore, the Court ORDERS Mr. Waggener to submit a declaration detailing the costs he and his staff incurred in making the documents produced by Retained Counsel readable and otherwise usable. Mr. Waggener shall submit that declaration by May 21, 2025. Within 14 days of the declaration being submitted, Retained Counsel shall submit payment for the full costs detailed, in accordance with the payment instructions filed by the Court with this order. Retained Counsel shall file a declaration once the payment has been submitted.

The Court notes that in assessing the above fees, it is exercising its inherent power with "restraint and discretion," Chambers, 501 U.S. at 44, and that the award goes no further than "to redress the wronged party for 'losses sustained,'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108 (2017).

**IT IS SO ORDERED.**

Dated: April 21, 2025

CHARLES R. BREYER
United States District Judge

**PAYMENT INSTRUCTIONS**

Payment shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, or via the pay.gov online payment system. The payment should note that it is for "CJA Costs" and include the case number (21-cr-00018-CRB-1).